T.C. Memo. 2011-50

UNITED STATES TAX COURT

BENGT N. AND JUDY H. BENGTSON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11093-08.                    Filed March 1, 2011.

Bengt N. and Judy H. Bengtson, pro sese.

Julie A. Jebe, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, Judge:  After concessions, the issues for decision
are whether petitioners are entitled to a long-term capital loss
and liable for a section 6662(a) accuracy-related penalty
relating to their income tax for 2005.[1]

_____

[1]Unless otherwise indicated, all section references are to
                                        (continued...)

FINDINGS OF FACT

During the years in issue, Bengt Bengtson was a computer consultant and his wife, Judy Bengtson, was a homemaker. In the late 1990s petitioners agreed with Joan Thomley, Mrs. Bengtson's sister, to invest in stocks. In 1999, 2000, and 2001, petitioners provided funds to Mrs. Thomley, who in turn purchased stock in Maintenance Depot, Inc. (Maintenance), Sideware, Inc. (Sideware), and other companies. Mrs. Thomley made the purchases through her brokerage account, and all shares were purchased and held in her name.

In 2000, Mrs. Thomley informed petitioners that her 1999 stock transactions had resulted in a taxable gain, asked petitioners for money to pay the taxes relating to the transactions, and told petitioners that the proceeds of the transactions would be reinvested. In 2000, petitioners sent Mrs. Thomley funds to pay the tax relating to the transactions. Maintenance in 2001 was taken off the exchange on which it was traded and in 2005 repurchased its outstanding shares. In 2003, Sideware sold its assets and ceased operations.

On their 2005 joint Federal income tax return (2005 return), petitioners reported a long-term capital loss relating to 29,488

---

[1](...continued)
the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

shares of Maintenance and 3,680 shares of Sideware. Petitioners also reported a long-term capital gain relating to the exercise of International Business Machines Corp. stock options. Before filling out their 2005 return, Mr. Bengtson read Internal Revenue Service (IRS) publications, attempted to determine the appropriate tax treatment of the options, and sought to obtain from Mrs. Thomley information relating to the Maintenance and Sideware stocks. Mrs. Thomley did not comply with petitioners' requests for information.

Respondent began an audit of petitioners' 2005 return in 2007. During the audit, respondent asserted that the Maintenance and Sideware stocks became worthless in 2001 and 2002. On February 6, 2008, respondent issued petitioners a notice of deficiency (notice) relating to 2005. In the notice, respondent determined that petitioners failed to substantiate their claimed deductions; were not entitled to a long-term capital loss; erroneously reported gain from the exercise of stock options as long-term capital gain rather than ordinary income; and were liable for an accuracy-related penalty pursuant to section 6662(a). Petitioners concede that the exercise of the stock options produced ordinary income. On May 12, 2008, petitioners, while residing in Illinois, filed their petition with the Court.

In 2009, petitioners, taking a position consistent with respondent's assertion that the Maintenance and Sideware stocks

became worthless in 2001 and 2002, filed amended returns relating to 2001 and 2002 (amended returns). On the amended returns, petitioners reported a loss relating to 11,000 shares of Maintenance stock and 49,500 shares of Sideware stock.

## OPINION

Section 165(g) allows a deduction for any loss resulting from stock that becomes worthless during the taxable year. A taxpayer must, however, maintain sufficient records to substantiate the loss. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. There is insufficient evidence in the record to establish the ownership, bases, and dates of worthlessness relating to the Maintenance and Sideware stocks for which petitioners claimed a long-term capital loss.[2] Accordingly, petitioners are not entitled to deduct a loss relating to the stocks.

Section 6662(a) imposes a penalty equal to 20 percent of the amount of any underpayment attributable to various factors including negligence or a substantial understatement of income tax. See sec. 6662(b)(1) and (2). Section 6664(c)(1), however, provides that no penalty shall be imposed if a taxpayer

---

[2]Pursuant to sec. 7491(a), petitioners have the burden of proof unless they introduce credible evidence relating to the issue that would shift the burden to respondent. See Rule 142(a). Our conclusions, however, are based on a preponderance of the evidence, and thus the allocation of the burden of proof is immaterial. See Martin Ice Cream Co. v. Commissioner, 110 T.C. 189, 210 n.16 (1998).

demonstrates that there was reasonable cause for the underpayment and the taxpayer acted in good faith.

Petitioners failed to substantiate the loss relating to the Maintenance and Sideware stocks and incorrectly characterized the income relating to an exercise of stock options. They are not, however, liable for the section 6662(a) accuracy-related penalty with respect to these items because they, in good faith, took reasonable steps to accurately report them. Petitioners reasonably believed that they had an agreement with Mrs. Thomley, that Mrs. Thomley purchased the Maintenance and Sideware stocks on their behalf, and that they were entitled to a loss deduction for 2005. In addition, petitioners read IRS publications, attempted to apply relevant rules and accounting principles, and earnestly sought to retrieve as much information as possible from Mrs. Thomley. See sec. 1.6664-4(b)(1), Income Tax Regs.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.